IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | BANKRUPTCY PROCEEDING |
| GEORGIA AVERY GILES | |
| ISAIAH THOMAS GILES | CASE NUMBER: 23-50196 KMS |

MOTION TO APPROVE COMPROMISE AND SETTLEMENT
AND REQUEST FOR APPROVAL OF ATTORNEY FEES

COMES NOW Derek A. Henderson, Trustee in the above-referenced bankruptcy case, and files this his Motion to Approve Compromise and Settlement and Request for Approval of Attorney Fees, and in support thereof would show unto the Court the following:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §105, 11 U.S.C. §328 and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2.

On February 15, 2023, Georgia Avery Giles and Isaiah Thomas Giles ("Debtor") filed their petition under Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi. Kimberly R. Lentz was appointed the Chapter 7 Trustee ("Trustee Lentz"). Thereafter, Derek A. Henderson was appointed the successor Chapter 7 Trustee ("Trustee").

3.

The Debtor was involved in a personal injury claim lawsuit. The claim is property of the bankruptcy estate. The Debtor executed a contract with Patrick Cruise with The Hamilton Firm, 601 E. Main Street, Chattanooga, TN 37408 ("Hamilton") and Alexander L. H. Reed with Lagarde Law, 2345 Gause Boulevard E, Slidell, LA 70461 ("Lagarde") to pursue the claim.

4.

On May 30, 2023, Trustee Lentz filed her Motion to Employ Special Counsel and Approval of Employment Contract of Hamilton (Docket No. 20) and Lagarde (Docket No. 21). Orders to approve employment were entered on May 31, 2023 (Hamilton - Docket No. 22 and Lagarde - Docket No. 23). The attorneys are employed on a contingency fee basis. The attorneys are to receive one-third (1/3) of any gross monetary amount of settlement of recovery plus expenses not to exceed fifty percent (50%) of the total recovery.

5.

The lawsuit has been settled. The gross settlement is $125,000.00 as follows:

| | |
|---|---:|
| **Gross Settlement Amount** | **$125,000.00** |
| a. Less Attorney's Fee (1/3):<br>    - Hamilton - $20,833.33<br>    - Lagarde - $20,833.33 | ($41,666.66) |
| b. Less Costs & Expenses:<br>    - Hamilton - $6,025.57<br>    - Lagarde - $229.15 | ($6,254.72) |
| c. Less Amount Paid to Medicare: | ($6,039.74) |
| d. Less Amount Held in Trust to Pay USAA: | ($25,000.00) |
| **Due to Estate:** | **$46,038.88** |

The estate shall retain the net settlement funds in the amount of $46,038.88 for the benefit of creditors. A copy of the settlement sheet is attached.

6.

The Trustee requests the Court to find that the compromise and settlement is fair and reasonable and in the best interest of the estate.

7.

The settlement complies with the 5th Circuit standards for approving compromise and

settlements.

8.

A basic policy in bankruptcy cases is that compromise is favored. Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it

> apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.*Id.* at 424.

9.

The Fifth Circuit standard has been stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

> (1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law,
> (2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
> (3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349 (5th Cir. 1997). *Id.* at 356. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

10.

The settlement has been recommended by Hamilton and Lagarde. Under the circumstances of this case, the settlement is fair and reasonable. The Trustee requests authority from the Court to have the settlement approved.

11.

The Trustee further requests approval of attorney fees as follows:

- The Hamilton Firm -     $26,858.90
    Attorney Fees - $20,833.33
    Expenses - $6,025.57

- Lagarede Law -     $21,062.48
    Attorney Fees - $20,833.33
    Expenses - $229.15

The Trustee requests authority to pay the attorney fees and expenses including court allocation assessment expenses. The Trustee further requests authority to pay Medicare Lien and USAA.

### **Special Provision**

Hamilton and Lagarde have inadvertently distributed $46,038.88 to the Debtor. Hamilton and Lagarde have each paid the Trustee $23,016.44 for a recovery of the net funds paid to the Debtor. If there is any surplus after paying the claims of the estate, that surplus will be paid to Hamilton and Lagarde instead of the Debtor. Once the bankruptcy case is resolved and Hamilton and Lagarde have been paid in full, any remaining funds held by the Trustee shall be paid to the Debtor. The Trustee requests that this special provision be approved by the Court to resolve the issue of payment of funds to the Debtor.

WHEREFORE, the Trustee requests the Court to find that his Motion to Approve Compromise and Settlement and Request for Approval of Attorney Fees is well taken and should be granted.

Respectfully submitted,

BY:   s / Derek A. Henderson
       DEREK A. HENDERSON, TRUSTEE AND
       ATTORNEY FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I, DEREK A. HENDERSON, do hereby certify that I have this date served, via United States Mail, postage prepaid, or via the ECF Notification Service, which provides electronic notice, a true and correct copy of the above and foregoing Motion to Approve Compromise and Settlement and Request for Approval of Attorney Fees to all creditors and parties in interest listed on the mailing matrix and the following:

Thomas Carl Rollins, Jr.
trollins@therollinsfirm.com

Office of United States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Patrick Cruise
The Hamilton Firm
601 E. Main Street
Chattanooga, TN 37408

Alexander L. H. Reed
Lagarde Law
2345 Gause Boulevard E
Slidell, LA 70461

This, the 4th day of March, 2026.

s / Derek A. Henderson
DEREK A. HENDERSON, TRUSTEE
AND ATTORNEY FOR THE TRUSTEE

**Derek A. Henderson, MSB #2260**
**Anna Claire Henderson, MS Bar #106230**
**1765-A Lelia Drive, Suite 103**
**Jackson, MS 39216**
**(601) 948-3167**
**derek@derekhendersonlaw.com**
**annaclaire@derekhendersonlaw.com**