

SO ORDERED,

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 31, 2026**

The Order of the Court is set forth below. The docket reflects the date entered.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                          BANKRUPTCY PROCEEDING

**GEORGIA AVERY GILES**
**ISAIAH THOMAS GILES**                         **CASE NUMBER: 23-50196 KMS**

## ORDER ON MOTION TO APPROVE COMPROMISE AND SETTLEMENT
## AND REQUEST FOR APPROVAL OF ATTORNEY FEES

THIS MATTER COMES before the Court upon Motion to Approve Compromise and Settlement and Request for Approval of Attorney Fees filed Derek A. Henderson, Trustee (Docket No. 31). After the Motion was noticed to creditors and parties-in-interest, no objection were filed. The Trustee asserts as follows:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §105, 11 U.S.C. §328 and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2.

On February 15, 2023, Georgia Avery Giles and Isaiah Thomas Giles ("Debtor") filed their petition under Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy

Page -1-

Court for the Southern District of Mississippi. Kimberly R. Lentz was appointed the Chapter 7 Trustee ("Trustee Lentz"). Thereafter, Derek A. Henderson was appointed the successor Chapter 7 Trustee ("Trustee").

3.

The Debtor was involved in a personal injury claim lawsuit. The claim is property of the bankruptcy estate. The Debtor executed a contract with Patrick Cruise with The Hamilton Firm, 601 E. Main Street, Chattanooga, TN 37408 ("Hamilton") and Alexander L. H. Reed with Lagarde Law, 2345 Gause Boulevard E, Slidell, LA 70461 ("Lagarde") to pursue the claim.

4.

On May 30, 2023, Trustee Lentz filed her Motion to Employ Special Counsel and Approval of Employment Contract of Hamilton (Docket No. 20) and Lagarde (Docket No. 21). Orders to approve employment were entered on May 31, 2023 (Hamilton - Docket No. 22 and Lagarde - Docket No. 23). The attorneys are employed on a contingency fee basis. The attorneys are to receive one-third (1/3) of any gross monetary amount of settlement of recovery plus expenses not to exceed fifty percent (50%) of the total recovery.

5.

The lawsuit has been settled. The gross settlement is $125,000.00 as follows:

| | |
|---|---|
| **Gross Settlement Amount** | **$125,000.00** |
| a. Less Attorney's Fee (1/3):<br> - Hamilton - $20,833.33<br> - Lagarde - $20,833.33 | ($41,666.66) |
| b. Less Costs & Expenses:<br> - Hamilton - $6,025.57<br> - Lagarde - $229.15 | ($6,254.72) |

Page -2-

|  |  |
|---|---|
| c. Less Amount Paid to Medicare: | ($6,039.74) |
| d. Less Amount Held in Trust to Pay USAA: | ($25,000.00) |
| **Due to Estate:** | **$46,038.88** |

The estate shall retain the net settlement funds in the amount of $46,038.88 for the benefit of creditors. A copy of the settlement sheet is attached.

6.

The Trustee requests the Court to find that the compromise and settlement is fair and reasonable and in the best interest of the estate.

7.

The settlement complies with the 5th Circuit standards for approving compromise and settlements.

8.

A basic policy in bankruptcy cases is that compromise is favored. Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it

apprise[s itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.*Id.* at 424.

9.

The Fifth Circuit standard has been stated in *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

(1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law,

(2) [t]he complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and

(3) [a]ll other factors bearing on the wisdom of the compromise.

119 F.3d 349 (5th Cir. 1997). *Id.* at 356. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

10.

The settlement has been recommended by Hamilton and Lagarde. Under the circumstances of this case, the settlement is fair and reasonable. The Trustee requests authority from the Court to have the settlement approved.

11.

The Trustee further requests approval of attorney fees as follows:

- The Hamilton Firm -                                                  $26,858.90
     Attorney Fees - $20,833.33
     Expenses - $6,025.57

- Lagarede Law -                                                        $21,062.48
     Attorney Fees - $20,833.33
     Expenses - $229.15

The Trustee requests authority to pay the attorney fees and expenses including court allocation assessment expenses. The Trustee further requests authority to pay Medicare Lien and USAA.

**Special Provision**

Hamilton and Lagarde have inadvertently distributed $46,038.88 to the Debtor. Hamilton and Lagarde have each paid the Trustee $23,016.44 for a recovery of the net funds paid to the Debtor.

Page -4-

If there is any surplus after paying the claims of the estate, that surplus will be paid to Hamilton and Lagarde instead of the Debtor. Once the bankruptcy case is resolved and Hamilton and Lagarde have been paid in full, any remaining funds held by the Trustee shall be paid to the Debtor. The Trustee requests that this special provision be approved by the Court to resolve the issue of payment of funds to the Debtor.

12.

On March 4, 2026, the Trustee filed his Motion to Approve Compromise and Settlement and Request for Approval of Attorney Fees (Docket No. 31). After the Motion was noticed to creditors and parties-in-interest, no objection were filed.

THEREFORE, IT IS ORDERED that the Trustee's Motion to Approve Compromise and Settlement and Request for Approval of Attorney Fees is hereby granted. The settlement is approved as follows:

| | |
|---|---|
| **Gross Settlement Amount** | **$125,000.00** |
| a. Less Attorney's Fee (1/3): | ($41,666.66) |
| - Hamilton - $20,833.33 | |
| - Lagarde - $20,833.33 | |
| b. Less Costs & Expenses: | ($6,254.72) |
| - Hamilton - $6,025.57 | |
| - Lagarde - $229.15 | |
| c. Less Amount Paid to Medicare: | ($6,039.74) |
| d. Less Amount Held in Trust to Pay USAA: | ($25,000.00) |
| **Due to Estate:** | **$46,038.88** |

IT IS FURTHER ORDERED that the Trustee is authorized to pay attorney fees and expenses as follows:

| | |
|---|---|
| - The Hamilton Firm -<br>    Attorney Fees - $20,833.33<br>    Expenses - $6,025.57 | $26,858.90 |
| - Lagarede Law -<br>    Attorney Fees - $20,833.33<br>    Expenses - $229.15 | $21,062.48 |

IT IS FURTHER ORDERED that Hamilton and Lagarde inadvertently distributed $46,038.88 to the Debtor. Hamilton and Lagarde have each paid the Trustee $23,016.44 for a recovery of the net funds paid to the Debtor. If there is any surplus after paying the claims of the estate, that surplus will be paid to Hamilton and Lagarde instead of the Debtor. Once the bankruptcy case is resolved and Hamilton and Lagarde have been paid in full, any remaining funds held by the Trustee shall be paid to the Debtor.

## END OF ORDER ##

Submitted by:


s/Derek A. Henderson
Derek A. Henderson, MSB #2260
Trustee and Attorney for the Trustee
1765-A Lelia Drive, Suite 103
Jackson, MS 39216
(601) 948-3167
derek@derekhendersonlaw.com

Docusign Envelope ID: 82A5C226-C2B7-472D-8363-412A700BACB5



**PATRICK A. CRUISE**
Licensed in Georgia, Tennessee and Louisiana
Board Certified Truck Accident Law

Phone: 423-634-0871
Fax: 423-634-0874
pac@thehamiltonfirm.com

## PAYOUT SHEET FOR GILES (#22034)

### RE: ISAIAH GILES, ET AL. V. LANDSCAPE SERVICES, INC., ET AL.
### DOI: 10/06/2021

| | | | | |
|---|---|---|---|---|
| **AMOUNT RECEIVED FROM ACADIA INS. CO.:** | | | $ | 125,000.00 |
| **LESS ATTORNEYS' FEES (1/3):** | | | $ | 41,666.66 |
| The Hamilton Firm | $ | 20,833.33 | | |
| Lagarde Law | $ | 20,833.33 | | |
| **BALANCE AFTER ATTORNEYS' FEES:** | | | $ | 83,333.34 |
| **EXPENSES INCURRED (See attached lists):** | | | $ | 6,254.72 |
| The Hamilton Firm | $ | 6,025.57 | | |
| Lagarde Law | $ | 229.15 | | |
| **LESS AMOUNT PAID TO MEDICARE:** | | | $ | 6,039.74 |
| **LESS AMOUNT HELD IN TRUST TO PAY USAA:** | | | $ | 25,000.00 |
| **NET AMOUNT PAID TO ISAIAH AND GEORGIA GILES:** | | | $ | 46,038.88 |

To be received from THE HAMILTON FIRM, LLC, by mail upon completion of this document, Check No. _____ in the amount shown above, representing a partial payout of my share of the net settlement proceeds. I understand $25,000 is being held in Trust to satisfy the claim of reimbursement made by USAA for medical payment coverage. I understand that if a reduction in said claim is obtained, the difference will be paid to me. I understand that the attorney fees are being divided with Lagarde Law for their work performed on the case, and I approved the joint representation and division of fees shown above. I understand and approve all of the foregoing disbursements. I understand that my attorney is not able to give me any tax advice, and that I should contact a tax professional and/or lawyer with any questions regarding taxes. I understand that there may be outstanding bills remaining, and I will be responsible for satisfying all outstanding bills and have instructed my attorneys not to pay those bills. I understand that if Medicare, Medicaid, CHAMPUS, any health care insurer governed by the Employee Retirement Income Security Act (ERISA), private health insurers, or other insurers and/or medical providers that have a right of subrogation or reimbursement for medical expenses arising out of this accident may seek subrogation or reimbursement. I understand that any such subrogation lien, reimbursement claim, and/or attempt to collect a debt would be my responsibility. I am fully satisfied with the way and manner in which this case has been handled. I further acknowledge receipt of a copy of this Settlement Sheet and Contingent Fee Contract. The settlement proceeds herein constitute compensation for personal physical injuries as the same are contemplated by 26 USCA 104(a)(2). I represent that I was not in any type of bankruptcy at the time of the incident which forms the basis for this case. I also represent that since the date of the incident, I have not filed for bankruptcy of any kind.

| | | |
|---|---|---|
| _Isaiah Giles_ | 7/8/2025 | |
| Isaiah Giles | Date | |
| _Georgia Giles_ | 7/8/2025 | |
| Georgia Giles | Date | |

**SERIOUS INJURY · WRONGFUL DEATH · TRUCK WRECK LAWYER**
601 E. Main Street, Chattanooga, TN 37408