# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### GULFPORT 6 DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| GEORGIA AVERY GILES | § | Case No. 23-50196-KMS |
| ISAIAH THOMAS GILES | § | |
| | § | |
| Debtors | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that DEREK A. HENDERSON, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

2012 15th Street Suite 244
Gulfport, MS  39501

Date Mailed: 07/31/2026          By: DEREK A. HENDERSON
                                          TRUSTEE


*DEREK A. HENDERSON*
*1765-A Leila Drive, Suite 103*
*Jackson, MS 39216*

UST Form 101-7-NFR (10/1/2010) *(Page: 1)*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## GULFPORT 6 DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| GEORGIA AVERY GILES | § | Case No. 23-50196-KMS |
| ISAIAH THOMAS GILES | § | |
| | § | |
| Debtors | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 125,000.00 |
| and approved disbursements of | $ | 81,041.28 |
| leaving a balance on hand of[1] | $ | 43,958.72 |

Claims of secured creditors will be paid as follows:

### NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DEREK A HENDERSON T1 | $ 9,145.18 | $ 0.00 | $ 9,145.18 |
| Trustee Expenses: DEREK A HENDERSON T1 | $ 70.38 | $ 0.00 | $ 70.38 |
| Attorney for Trustee Fees: Derek A Henderson | $ 1,580.00 | $ 1,580.00 | $ 0.00 |
| Attorney for Trustee Expenses: Derek A Henderson | $ 114.31 | $ 114.31 | $ 0.00 |
| Other: Derek A Henderson | $ 288.09 | $ 288.09 | $ 0.00 |
| Other: Held in Trust to Pay USAA | $ 25,000.00 | $ 25,000.00 | $ 0.00 |
| Other: Lagarde Law | $ 20,833.33 | $ 20,833.33 | $ 0.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Other: Medicare | $ 6,039.74 | $ 6,039.74 | $ 0.00 |
| Other: The Hamilton Firm LLC/Lagarde Law | $ 20,833.33 | $ 20,833.33 | $ 0.00 |
| Other: The Hamilton Firm LLC/Lagarde Law | $ 6,254.72 | $ 6,254.72 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses    $ 9,215.56

Remaining Balance    $ 34,743.16

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $6,948.43 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 5 | Department of Treasury | $ 6,948.43 | $ 0.00 | $ 6,948.43 |

Total to be paid to priority creditors    $ 6,948.43

Remaining Balance    $ 27,794.73

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $14,593.37 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Del Webb | $ 924.88 | $ 0.00 | $ 924.88 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Banner Primary Care Physicians AZ | $ 355.22 | $ 0.00 | $ 355.22 |
| 3 | Sapientes Funding II, LLC | $ 86.30 | $ 0.00 | $ 86.30 |
| 4 | Sapientes Funding II, LLC | $ 19.90 | $ 0.00 | $ 19.90 |
| 5 | Department Of The Treasury | $ 3,130.09 | $ 0.00 | $ 3,130.09 |
| 6 | LVNV  Funding, LLC | $ 442.63 | $ 0.00 | $ 442.63 |
| 7 | LVNV  Funding, LLC | $ 441.67 | $ 0.00 | $ 441.67 |
| 8 | Ashley Funding Services, LLC | $ 6.15 | $ 0.00 | $ 6.15 |
| 9 | Ashley Funding Services, LLC | $ 107.00 | $ 0.00 | $ 107.00 |
| 10 | Verizon | $ 604.64 | $ 0.00 | $ 604.64 |
| 11 | Verizon | $ 3,008.02 | $ 0.00 | $ 3,008.02 |
| 12 | Mariner Finance LLC. | $ 5,281.99 | $ 0.00 | $ 5,281.99 |
| 13 | LVNV  Funding, LLC | $ 184.88 | $ 0.00 | $ 184.88 |

Total to be paid to timely general unsecured creditors   $ 14,593.37

Remaining Balance   $ 13,201.36

Tardily filed claims of general (unsecured) creditors totaling $334.53 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 14 | Fixing Feet, PLLC | $ 334.53 | $ 0.00 | $ 334.53 |

Total to be paid to tardy general unsecured creditors   $ 334.53

Remaining Balance   $ 12,866.83

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $1,794.22 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 100.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 5 | Department Of The Treasury | $ 1,794.22 | $ 0.00 | $ 1,794.22 |

Total to be paid to subordinated unsecured creditors     $ 1,794.22

Remaining Balance     $ 11,072.61

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 4.9 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $3,976.21. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $7,096.40.

Pursuant to Order on Motion to Approve Compromise and Settlement and Request for Approval of Attorney Fees (Dkt. #35) entered on 03/31/26, the order states that the "Hamilton Firm and Lagarde Law inadvertently distributed $46,038.88 to the Debtor. Hamilton and Lagarde have each paid the Trustee $23,016.44 for a recovery of the net funds paid to the Debtor. If there is any surplus after paying the claims of the estate, that surplus will be paid to Hamilton and Lagarde instead of the Debtor."

Prepared By: DEREK A. HENDERSON

TRUSTEE

*DEREK A. HENDERSON*
*1765-A Leila Drive, Suite 103*
*Jackson, MS 39216*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.